IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

**Alissa Ann Numann**                                                                                         **Plaintiff**

v.                                      **CASE NO. 3:14CV00088 JTK**

**Carolyn W. Colvin, Acting Commissioner,**
**Social Security Administration**                                                              **Defendant**

## ORDER AFFIRMING THE COMMISSIONER

Alissa Ann Numann seeks judicial review of the denial of her application for disability insurance benefits (DIB) and supplemental security income (SSI). Numann was previously denied disability in 2010.[1] Numann applied for DIB and SSI in December 2011, with an alleged onset date of December 22, 2007.[2] Numann last worked in 2007 as a grocery sacker.[3] She bases disability on learning disability, attention deficit hyperactivity disorder (ADHD) and concentration problems.[4]

**The Commissioner's decision.** The Commissioner's ALJ determined that Numann has not engaged in substantial gainful activity since the alleged onset date.[5] Numann has severe impairments - mild mental retardation and learning disorder (NOS).[6] None of Numann's severe impairments meet the Listings, and Numann can perform a full range of work at all exertional levels, but is limited to unskilled work - defined as able to understand, retain, and carry out

---

[1] SSA record at p. 153.

[2] *Id.* at pp. 113, 119 & 152.

[3] *Id.* at p. 162.

[4] *Id.* at p. 157.

[5] *Id.* at p. 13.

[6] *Id.*

simple instructions - where interpersonal contact is incidental; supervision is simple, direct and concrete; and there are few, if any, workplace changes.[7] The ALJ held that Numann has no past relevant work,[8] but can perform the positions of laundry worker, kitchen helper and housekeeper, positions identified by the vocational expert (VE) as available in the state and national economies.[9] Numann's application was denied.[10]

After the Commissioner's Appeals Council denied a request for review, the ALJ's decision became a final decision for judicial review.[11] Numann filed this case to challenge the decision. In reviewing the decision, the Court must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.[12]

**Numann's allegations.** Numann maintains that the ALJ's denial of disability benefits should be reversed because the ALJ erred in determining that Numann's impairments do not

---

[7]*Id.* at pp. 14 & 16.

[8]*Id.* at p. 20.

[9]*Id.* at p. 21.

[10]*Id.* at p. 22.

[11]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating, "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the appeal procedure permits claimants to appeal only final decisions).

[12]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny any applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

meet the Listings. This argument is not persuasive. No error occurred, and the ALJ's decision to deny benefits is supported by substantial evidence.

Substantial evidence is "less than a preponderance but . . . enough that a reasonable mind would find it adequate to support the conclusion."[13] For substantial evidence to exist in this case, a reasonable mind must accept the evidence as adequate to support the determination that Numann is not disabled.[14]

**The Listings.** Numann maintains that the ALJ erred in the determination that none of Numann's impairments meet the Listings. According to Numann, she meets listing 12.05B and 12.05C. It is Numann's burden to prove that her impairments meet or equal a listing.[15]

To meet listing 12.05B, a claimant must establish that she has (1) significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested before age 22; and (2) a valid verbal, performance or full scale IQ of 59 or less.[16] Citing to Numann's 2010 IQ scores above 59,[17] the ALJ determined that Numann's mental impairment does not meet listing 12.05B.

Numann argues that the ALJ erred because her 1993 IQ scores are below the required threshold, and IQ scores presumably remain stable throughout an individual's life. For support,

---

[13] *Jones v. Astrue*, 619 F.3d 963, 968 (8th Cir. 2010) (internal quotations and citations omitted).

[14] *See Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990).

[15] *Johnson v. Barnhart*, 390 F.3d 1067, 1070 (8th Cir. 2004) (citing *Sullivan v. Zebley*, 493 U.S. 521, 530-531 (1990)).

[16] 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05B.

[17] SSA record at p. 235.

Numann cites to *Muncy v. Apfel*, in which the Eighth Circuit held that "Mental retardation is not normally a condition that improves as an affected person ages. . . . Rather, a person's IQ is presumed to remain stable over time in the absence of any evidence of a change in the claimant's intellectual functioning."[18] This language, however, establishes that although there is a presumption that an individual's IQ remains stable, it is rebuttable if evidence is presented of a change in the claimant's intellectual functioning. That is exactly what has occurred in the present case. In 1993, at the age of ten, Numann scored 56 for verbal IQ, 66 for performance IQ and 57 for full scale IQ.[19] The higher 2010 scores, however, are evidence that Numann's intellectual functioning has changed. Nothing in the record suggests that these scores were invalid. The ALJ properly relied on the 2010 scores in determining that Numann's mental impairment does not meet listing 12.05B. That determination is supported by substantial evidence.

To meet listing 12.05C, a claimant must establish that she has (1) significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested before age 22; (2) a valid verbal, performance or full scale IQ of 60 through 70; and (3) a physical or other mental impairment imposing an additional and significant work-related limitation or function.[20] The ALJ determined that Numann's mental impairment does not meet this listing because Numann does not have a physical or other mental impairment imposing an additional and significant work-related limitation or function.

---

[18] *Muncy v. Apfel*, 247 F.3d 728, 734 (8th Cir. 2001).

[19] SSA record at p. 220.

[20] 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05C.

Numann argues that her learning disorder, rule-out ADD and obesity are additional impairments that limit her ability to work, and it was error for the ALJ to find otherwise. Specifically, Numann asserts that because her learning disorder was found to be a severe impairment, it, as a matter of law, limits her ability to work. Further, she maintains that she is limited by a finding of "rule-out ADD" and her obesity.

As the Eighth Circuit found in *Buckner v. Apfel*, a learning disorder is a symptom or manifestation of mental retardation.[21] Therefore, Numann cannot rely on the learning disorder to satisfy the additional impairment requirement. With respect to the rule-out ADD notation, there is not sufficient evidence to determine that Numann does indeed have ADD. In 2010, a mental diagnostic evaluation and intellectual assessment was performed, and the examining psychologist found "No clear indication of attention deficit disorder."[22] In 2012, following an examination and Numann's own report of a childhood diagnosis of ADD, a psychologist noted that "Attention Deficit Disorder is a rule-out."[23] The psychologist, however, did not diagnose Numann with ADD. Further, no ADD diagnosis is contained in the records available from Numann's childhood. There is not sufficient evidence to establish that the potential ADD diagnosis imposes an additional and significant work-related limitation or function. There is also very little in the medical records concerning Numann's obesity. Although she presented to the hospital on two occasions with chest pain and right arm numbness, there is nothing suggesting that her obesity impacts her ability to work. Indeed, following a physical examination in 2010, a

---

[21]*Buckner v. Apfel*, 213 F.3d 1006, 1012 (8th Cir. 2000).

[22]SSA record at p. 235.

[23]*Id.* at p. 261.

state physician found that Numann has no physical limitations.[24] Limitations based on Numann's obesity are also not reflected in the Function Report. Numann stated in the Function Report that she babysits her nieces during the day, has no problems tending to her personal care without aid, prepares her own meals, washes dishes, does laundry, dusts, goes out alone and shops in stores.[25] She alleges no physical limitations.[26] The ALJ's determination that Numann's mental impairment does not meet listing 12.05C is supported by substantial evidence.

A reasonable mind would accept the evidence as adequate to support the ALJ's determination that Numann's impairments do not meet the Listings. The determination is supported by substantial evidence.

**Conclusion.** Substantial evidence supports the ALJ's decision. No legal error occurred. For these reasons, the court DENIES Numann's request for relief (docket entry # 2) and AFFIRMS the Commissioner's decision.

It is so ordered this 24th day of April, 2015.

_____
UNITED STATES MAGISTRATE JUDGE

---

[24] *Id.* at p. 231.

[25] *Id.* at pp. 182-185.

[26] *Id.* at p. 187.